1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PATTI WILLIAMS,<br><br>    Plaintiff<br><br>    v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; MICROSOFT CORPORATION WELFARE PLAN; and MICROSOFT CORPORATION, in its capacity as Plan Administrator,<br><br>    Defendants. | No.  2:18-cv-00959<br><br>COMPLAINT FOR DECLARATION OF RIGHT TO BENEFITS, FOR RECOVERY OF BENEFITS, FOR CLARIFICATION OF RIGHT TO FUTURE BENEFITS AND FOR EQUITABLE RELIEF |

COMES NOW THE PLAINTIFF, Patti Williams, and alleges as follows:

**I. NATURE OF ACTION**

1.1  This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., and specifically under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3).

1.2  Ms. Williams brings this action for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing her rights under that Plan, and clarifying her rights

COMPLAINT - 1
No.  2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

to future benefits under the Plan. She seeks relief, including but not limited to, a declaration of her right to disability benefits, equitable relief to remedy Defendants' failure to comply with ERISA, prejudgment and postjudgment interest, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

2.1  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

2.2  Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

## III. PARTIES

3.1  Plaintiff Patti Williams is an adult residing in King County, Washington.

3.2  Defendant The Prudential Insurance Company of America is a foreign corporation engaged in the business of insurance and authorized to sell insurance in Washington State.

3.3  Defendant Microsoft Corporation Welfare Plan is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).

3.4  Defendant Microsoft Corporation is a Washington corporation. It is sued here in its capacity as Plan Administrator of the Microsoft Corporation Welfare Plan.

## IV. FACTUAL ALLEGATIONS

4.1  The Prudential Insurance Company of America ("Prudential") is a foreign corporation authorized to sell insurance, including disability insurance, in Washington State. Prudential resides, or may be found, in the Western District of Washington.

4.2  The Microsoft Corporation Welfare Plan ("the Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).

4.3  Microsoft Corporation ("Microsoft") is a Washington corporation. It is the Plan Administrator of the Plan.

COMPLAINT - 2
No. 2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614  Fax 206.905-2342

4.4  Microsoft is an "administrator," within the meaning of 29 U.S.C. § 1002(16), of the Plan.

4.5  Microsoft is a "named fiduciary" of the Plan pursuant to 29 U.S.C. § 1133(2); and/or a "deemed fiduciary" pursuant to 29 U.S.C. § 1002 (21)(A); and/or a "designated fiduciary" pursuant to 29 U.S.C. § 1105(c)(1)(B).

4.6  Among other benefits, the Plan provides long-term disability benefits to Microsoft employees who are participants in the Plan.

4.7  Prudential issued an insurance policy to Microsoft, Group Contract Number G-43994-WA ("the Policy"), which insures the Plan's long-term disability benefits.

4.8  Prudential is an "administrator," within the meaning of 29 U.S.C. § 1002(16), of those portions of the Plan which concern long-term disability benefits.

4.9  Prudential exercises authority or control respecting the management or disposition of the Plan assets and is therefore a "fiduciary" of the Plan as that term is defined by 29 U.S.C. § 1002(21); and/or is a "named fiduciary" of the Plan pursuant to 29 U.S.C. § 1133(2) and/or is a "designated fiduciary" of the Plan pursuant to 29 U.S.C. § 1105(c)(1)(B).

4.10  Prudential is a claims fiduciary with respect to those portions of the Plan which concern long-term disability benefits.

4.11  Prudential provides administrative services to the Plan, including evaluation of long-term disability claims made under the Plan.

4.12  Prudential purports to have authority to make determinations regarding Plan participants' eligibility for, and entitlement to, long-term disability benefits.

4.13  The Plan provides long-term disability benefits to Plan participants who are "disabled" within the meaning of the Plan and otherwise eligible to receive such benefits.

COMPLAINT - 3
No.  2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614   Fax 206.905-2342

4.14  Ms. Williams began working for Microsoft in 2003.

4.15  Ms. Williams is an "employee," within the meaning of 29 U.S.C. § 1002(6), of Microsoft.

4.16  Ms. Williams is a "participant," within the meaning of 29 U.S.C. § 1002(7), of the Plan.

4.17  Ms. Williams is a "beneficiary," within the meaning of 29 U.S.C. § 1002(8), of the Plan.

4.18  The Plan states as follows in relevant part:

How Does Prudential Define Disability?

You are disabled when Prudential determines that, due to your sickness or injury:

• you are unable to perform the material and substantial duties of your regular occupation, or you have a 20% or more loss in your monthly earnings; and

• you are under the regular care of a doctor, and

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

• you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and

• you are under the regular care of a doctor.

4.19  The Plan provides that long-term disability benefits are paid after a 180-day "Elimination Period."

4.20  Ms. Williams became disabled on or about November 1, 2016, in that, due to sickness, she was unable to perform the material and substantial duties of her regular occupation, and was under the regular care of a doctor.

4.21  Ms. Williams applied for long-term disability benefits under the Plan.

COMPLAINT - 4
No.  2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

4.22  Defendants agreed Ms. Williams was disabled, and, in accordance with the Plan's 180-day Elimination Period, she began to receive long-term disability benefits under the Plan, effective May 2, 2017.

4.23  On June 19, 2017, Prudential directed Ms. Williams to apply for Social Security Disability Insurance ("SSDI") benefits, and stated that it would provide her legal representation to help with that application, through a business called Allsup.

4.24  Ms. Williams agreed to accept Prudential's offer of free legal representation to help her obtain SSDI benefits.  Prudential maintained contact with Allsup during the pendency of Ms. Reetz's application for SSDI benefits and through the various levels of administrative appeal.

4.25  Through its agent Allsup, Prudential was in privity with Ms. Williams throughout the Social Security proceedings, and with Ms. Williams asserted therein that her impairments were "of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).

4.26  On November 13, 2017, the Social Security Administration advised Ms. Williams that it had determined she was disabled under its rules, that is, that her impairments were "of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).

COMPLAINT - 5
No.  2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

4.27  On November 27, 2017, Prudential noted that Allsup had recovered Ms. Williams' retroactive SSDI benefits, and was transferring $12,378.00 of those benefits to Prudential.

4.28  Defendants terminated Ms. Williams' disability benefits effective November 30, 2017.

4.29  Ms. Williams appealed that determination on or about May 3, 2018.

4.30  Prudential received Ms. Williams' appeal on May 5, 2018.

4.31  Pursuant to 29 C.F.R. § 2560.503-1(i)(1)(i) and (i)(3)(i), Prudential was required to notify Ms. Williams of its determination on her appeal within 45 days, that is, by June 19, 2018.

4.32  Pursuant to 29 C.F.R. § 2560.603-1(i)(1)(i) and (i)(3)(i), Prudential was allowed additional time to make a determination on an appeal only where "special circumstances" exist.

4.33  Prudential has a written policy which states that it must make a decision on an appeal not later than 45 days after receipt of the appeal, unless special circumstances beyond Prudential's control require an extension of time for processing the appeal.

4.34  No special circumstances existed here which allowed Prudential to take longer than 45 days to make a determination on Ms. Williams' appeal.

4.35  On June 6, 2018, Ms. Williams wrote Prudential, cited the above regulations requiring a determination to be made within 45 days, cited two published federal cases holding that the need to conduct a medical or vocational review does not constitute "special circumstances" within the meaning of those regulations, and provided a copy of Prudential's own written policy stating that it must make a decision on an appeal not later than 45 days after receipt of the appeal, unless special circumstances beyond Prudential's control require an extension of time for processing the appeal.

COMPLAINT - 6
No.  2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

4.36  On June 18, 2018, Prudential wrote Ms. Williams and, without identifying any special circumstances, stated it was "unable to complete our review" and "require[d] an extension of up to 45 days to make an appeal determination on her LTD claim" because it was "awaiting the physician file review report to come back."

4.37  Prudential failed to comply with the requirements of 29 C.F.R. § 2560.503-1(i)(1)(i) regarding any extension of the time in which to make that determination, and thereby failed to establish and/or follow reasonable claims procedures.

4.38  No circumstances beyond Prudential's control required it to take more than 45 days to make a determination on Ms. Williams' appeal.

4.39  Pursuant to 29 C.F.R. § 2560.503-1(l), because Prudential failed to establish and/or follow reasonable claims procedures, Ms. Williams is deemed to have exhausted her administrative remedies under the Plan and is entitled to file this action.

4.40  Prudential has failed to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making.

4.41  Prudential has failed to train and/or supervise its employees and/or has failed to ensure that its employees managing appeals, are aware of, or follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making.

4.42  On information and belief, Prudential regularly and routinely violates ERISA in that, without basis and without any "special circumstances" to justify doing so, it fails to make any determination on participants' appeals within the 45 days allowed by ERISA's claims management regulations; and, further, regularly and routinely violates ERISA in that, without basis and without any "special circumstances" to justify doing so, it avails itself of an additional

COMPLAINT - 7
No.  2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

45 days or some other amount of time close to 45 days to make determinations on participants' appeals.

4.43  Prudential deliberately delays making determinations on participants' appeals because by doing so it is able to delay making payment to those participants who ultimately recover the benefits due to them.  In like manner, Prudential deliberately denies claims it knows to be meritorious in order to delay making payment to those participants.

4.44  By repeatedly and consistently delaying payment on valid claims, and by repeatedly and consistently denying valid claims, Prudential is able to earn additional money from investments on the money it holds and which it uses to pay claims.

4.45  Because of the volume of disability claims that it manages – and pays – Prudential is able to earn substantial money by delaying payment on claims and by denying claims which it knows to be valid and meritorious.

4.46  One of the means Prudential uses to delay payment on claims is to delay making determinations on appeals, as it did with Plaintiff's appeal.

4.47  Prudential has consistently, systematically and deliberately failed to establish and/or follow and/or maintain reasonable claims procedures as required by ERISA.

4.48 Prudential violates ERISA in the manner described above, and as described in Paragraphs 5.11 A-F below, in order to increase its profits.

4.49  Microsoft, in its capacity as Plan Administrator, is aware of Prudential's practice to delay claims and appeals; Prudential's practice to unreasonably deny claims; and Prudential's failure to properly train and/or supervise its employees and/or its failure to create and/or maintain adequate administrative processes and safeguards in order to ensure and verify appropriate and consistent decision making.

COMPLAINT - 8
No.  2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

4.50 Microsoft, in its capacity as Plan Administrator, is aware of Prudential's wrongful conduct in managing disability claims under the Plan, as that conduct is described above and in Paragraphs 5.11 A-F below.

4.51 Microsoft, in its capacity as Plan Administrator, tolerates Prudential's violations of ERISA and of the Plan, and does nothing to correct or remedy those violations.

4.52 Microsoft, in its capacity as Plan Administrator, has thus failed to establish and maintain a procedure or procedures by which Plan participants seeking long-term disability benefits shall have a full and fair review of their claims and of adverse benefit determinations.

4.53 The Microsoft Corporation Welfare Plan is aware of Prudential's practice to delay claims and appeals; Prudential's practice to unreasonably deny claims; and Prudential's failure to properly train and/or supervise its employees and/or its failure to create and/or maintain adequate administrative processes and safeguards in order to ensure and verify appropriate and consistent decision making.

4.54 The Microsoft Corporation Welfare Plan is aware of Prudential's wrongful conduct in managing disability claims under the Plan, as that conduct is described above and in Paragraphs 5.11 A-F below.

4.55 The Microsoft Corporation Welfare Plan tolerates Prudential's violations of ERISA and of the Plan, and does nothing to correct or remedy those violations.

4.56 The Microsoft Corporation Welfare Plan has thus failed to establish and maintain a procedure or procedures by which Plan participants seeking long-term disability benefits shall have a full and fair review of their claims and of adverse benefit determinations.

4.57 Prudential was both the decision-maker with respect to Ms. Williams' claim for long-term disability benefits, and the entity that would pay those benefits.

COMPLAINT - 9
No. 2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614  Fax 206.905-2342

4.58  Because it was both decision-maker and the payor with respect to Ms. Williams' claim for long-term disability benefits, Prudential had a conflict of interest.

4.59  Prudential's conflict of interest affected its management of Ms. Williams' claim for disability benefits and was a reason for its denial of her application for benefits.

4.60  Ms. Williams has remained disabled under the Plan since November 30, 2017, in that, due to sickness, she has been and remains unable to perform the material and substantial duties of her regular occupation, and has been under the regular care of a doctor.

4.61  Ms. Williams has been eligible for, and entitled to receive, long-term disability benefits under the Plan since November 30, 2017.

4.62  As a result of Defendants' violations of ERISA and of the Plan, and specifically as a result of Defendants' termination of the benefits to which she is entitled and the attendant delay in recovering those benefits, Ms. Williams has suffered financial losses and harm, including but not limited to, withdrawing money from retirement funds in order to get by, incurring financial penalties, incurring additional interest on credit card charges she has been compelled to make because of her lack of disability benefits, and damage to her credit.

4.63  Ms. Williams seeks to seeks to enjoin Defendants' improper claims handling activities and practices, so that those activities and practices do not again result in wrongful termination of her benefits and future delays receiving those benefits.

4.64  Section 502(a)(1)(B) of ERISA does not provide an adequate remedy to address Ms. Williams' injuries and harms described in the preceding two paragraphs.

/ / / / /

/ / / / /

/ / / / /

COMPLAINT - 10
No.  2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

## V.  STATEMENT OF CLAIMS

**29 U.S.C. § 1132(a)(1)(B):**

5.1  Plaintiff re-alleges and incorporates by reference Paragraphs 4.1 through and including 4.64 above.

5.2  Under the terms of the Plan, Plaintiff has been and remains continuously disabled within the meaning of the Plan and eligible and entitled to receive long-term disability benefits from November 30, 2017 forward.

5.3  By denying that Plaintiff was disabled under the terms of the Plan, and by refusing to pay Plaintiff disability benefits, Defendants violated the terms of the Plan and denied Plaintiff her rights under the Plan.

5.4  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks to recover the long-term disability benefits due her under the Plan, to enforce her rights under the Plan and to clarify her rights to future benefits under the Plan.

5.5  Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff seeks a Declaration from this Court, as described below, that she is entitled to long-term disability benefits under the Plan, and an Order from this Court directing Defendants to pay her those benefits in accordance with the Plan's terms.

**29 U.S.C. § 1132(a)(3):**

5.6  Plaintiff re-alleges and incorporates by reference Paragraphs 4.1 through and including 4.64 above.

5.7  At all material times herein, Prudential was a fiduciary of the Plan with respect to its exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

COMPLAINT - 11
No.  2:18-cv-00959

**LAW OFFICE OF MEL CRAWFORD**
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

5.8  Prudential has various fiduciary duties under the Plan.

5.9  Plaintiff's claim for benefits due under the Plan does not provide her with an adequate remedy at law in light of Prudential's continuing course of conduct in violating the terms of the Plan and applicable law as described herein.

5.10  Prudential is obliged to discharge its duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants with all benefits due, defraying reasonable expenses of the Plan, and to do so using all prudent skill and diligence in accordance with the documents and instruments governing the Plan.

5.11  At all times material herein, Prudential violated these duties by, among other acts and omissions:

A. Consciously, unreasonably and intentionally and without justification delaying and then denying Plaintiff's appeal, thereby compelling Plaintiff to file suit;

B. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims for benefits, fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as it gave its own;

C. Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing and adjudication of Plaintiff's appeal, and related appeals and/or similar appeals, under the Plan;

D. Consciously and unreasonably engaging in a selective review of the evidence presented in an effort to minimize the evidence supporting the continuation of benefits while focusing exclusively on evidence supporting the termination of benefits;

COMPLAINT - 12
No.  2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

E.  Consciously and unreasonably failing to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making; and

F.  Consciously and unreasonably failing to train and/or supervise its employees, to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making.

5.12 Plaintiff hereby requests a judgment permanently enjoining Prudential to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making; and enjoining Prudential to train and/or supervise its employees to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making.

5.13  At all material times herein, Microsoft was a fiduciary of the Plan with respect to its exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

5.14  In its capacity as Plan Administrator, and as a named fiduciary of the Plan, Microsoft had various fiduciary duties under the Plan.

5.15  Microsoft was obliged to discharge those duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants with all benefits due, defraying reasonable expenses of the Plan, and to do so using all prudent skill and diligence in accordance with the documents and instruments governing the Plan.

COMPLAINT - 13
No.  2:18-cv-00959

**LAW OFFICE OF MEL CRAWFORD**
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

5.16  Microsoft is aware of Prudential's practices to unreasonably delay management of disability claims under the Plan; Prudential's practice to unreasonably deny such claims; Prudential's failure to properly train and or supervise its employees and/or its failure to create and/or maintain adequate administrative processes and safeguards in order to ensure and verify appropriate and consistent decision making; and Prudential's other violations of its fiduciary duties as described above in Paragraph 5.11.  Microsoft tolerates these violations of ERISA and of the Plan, and does nothing to correct or remedy those violations.

5.17  Microsoft has thus breached its fiduciary obligations under the Plan and under ERISA.

5.18  The Microsoft Corporation Welfare Plan is aware of Prudential's practices to unreasonably delay management of disability claims under the Plan; Prudential's practice to unreasonably deny such claims; Prudential's failure to properly train and or supervise its employees and/or its failure to create and/or maintain adequate administrative processes and safeguards in order to ensure and verify appropriate and consistent decision making; and Prudential's other violations of its fiduciary duties as described above in Paragraph 5.11.  The Microsoft Corporation Welfare Plan tolerates these violations of ERISA and of the Plan, and does nothing to correct or remedy those violations.

5.19  The Microsoft Corporation Welfare Plan has thus breached its fiduciary obligations under the Plan and under ERISA.

5.20  The Microsoft Corporation Welfare Plan has failed to establish and maintain a procedure or procedures by which claimants seeking long-term disability benefits shall have a full and fair review of their claims and full and fair review of adverse benefit determinations, and is thus in violation of its duties under ERISA.

COMPLAINT - 14
No.  2:18-cv-00959

**LAW OFFICE OF MEL CRAWFORD**
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

## VI.  PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

6.1  That this Court declare that Plaintiff was continuously disabled within the meaning of the Plan and eligible and entitled to receive long-term disability benefits from November 30, 2017 through the time of trial;

6.2  That this Court declare that Defendants, by denying Plaintiff disability benefits and refusing to pay Plaintiff disability benefits, violated the terms of the Plan and denied Plaintiff her rights under the Plan;

6.3  That this Court order Defendants to pay Plaintiff the long-disability benefits she was entitled to receive since November 30, 2017 through the time of trial, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

6.4  That this Court enjoin Prudential to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) to ensure and verify appropriately consistent decision making; and enjoin Defendant Prudential to train and/or supervise its employees to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making;

6.5  That this Court enjoin Microsoft, in its capacity as Plan Administrator, to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) to ensure and verify appropriately consistent decision making; and enjoin it to ensure that Plan fiduciaries, including Prudential, train and/or supervise their employees to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making;

COMPLAINT - 15
No.  2:18-cv-00959

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342

6.6  That this Court enjoin the Microsoft Corporation Welfare Plan to establish and maintain a procedure or procedures by which claimants seeking long-term disability benefits shall have a full and fair review of their claims and full and fair review of adverse benefit determinations;

6.7  That this Court provide any other appropriate equitable relief to address Defendants' violations of ERISA and to ensure Defendants provide full and fair review of claims for disability benefits and full and fair review of appeals from adverse benefit determinations;

6.8  That this Court order Defendants to continue to pay Plaintiff long-term disability benefits so long as she remains disabled under the terms of the Plan;

6.9  That this Court order Defendants to pay Plaintiff her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

6.10  That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

DATED this 28th day of June 2018.

LAW OFFICE OF MEL CRAWFORD

By s/*Mel Crawford*
　　Mel Crawford, WSBA #22930
　　Attorney for Plaintiff

COMPLAINT - 16
No.  2:18-cv-00959

**LAW OFFICE OF MEL CRAWFORD**
9425 35th Avenue N.E., Suite C
Seattle, Washington  98115
Tel 206.694-1614  Fax 206.905-2342